JOHNSON, Justice,
concurs and assigns additional reasons:
|, There is sufficient evidence in this record that allowing continued custody with the grandmother, Judith Ann Rider, would be detrimental to this child. In 2002, Rider, the adopted domiciliary parent, went to California and left the child for one year without informing the unmarried biological parents, Lucille Marie McCormic and Jason Ray Craft. The record demonstrated that in a counseling session, which was ordered by the court, the child reported that Rider disciplined him by “whip[ping]” him “with a ping-pong paddle” on his head, shoulders, and legs. In August 2006, the Office of Community Services (“OCS”) removed the child from Rider’s care based on allegations that he was a child in need of care. Specifically, there were allegations that Rider placed the child in a harness, and tethered him to his bed. Jason testified that he witnessed his son “hogtied” and locked in a room. The record contained evidence that Rider regularly medicated the child with numerous prescription medications, including Clonidine (sleeping pills), Risperdal (antipsychotic), and Concerta. According to Rider, the child had an anger problem, and she gave him Risperdal to keep his anger under control. Rider stated that she gave the child Concerta to keep him focused and calm. The district court judge was “troubled” by the evidence that Rider administered these medications to the child for Attention Deficit Hyperactivity Disorder (“ADHD”) without the child having been ^thoroughly evaluated and assessed by his pediatrician. In my view, substantial harm would result to the child if Rider had primary custody. I would grant the petition, which continues the tripartite custody and gives domiciliary custody to the biological mother.